IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENIFER BAILEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-00055-CV-W-ODS ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is

relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1980, and has a bachelor's degree in science. R. at 41, 183. She previously worked as a medication aide, dispatcher, operations specialist, and paralegal. R. at 51, 184. Plaintiff first applied for disability and disability insurance benefits in September 2012 and alleged an onset date of March 1, 2012, but her application was denied on May 27, 2014. R. at 15. On June 3, 2014, Plaintiff applied a second time for disability and disability insurance benefits, and filed an application for supplemental security income as well, again alleging a disability onset date of March 1, 2012. R. at 15. Because Plaintiff's March 1, 2012 alleged onset date was considered and adjudicated in a prior proceeding, the administrative law judge ("ALJ") considered May 27, 2014, the date on which Plaintiff's first application was denied, as the onset date for Plaintiff's applications for disability insurance benefits and supplemental security income at issue here. R. at 15. Plaintiff's applications were again denied, and she requested a hearing before an ALJ. R. at 106. A hearing was held in November 2015. R. at 36-55. In December 2015, the ALJ issued his decision, finding Plaintiff was not disabled. R. at 12-24.

In rendering his decision, the ALJ found Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, and personality disorder. R. at 18. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, repetitive, routine tasks; limited to making simple work-related decisions; limited to tolerating few or infrequent changes in a routine work setting; occasional interactions with supervisors and coworkers, and no contact with the public.

R. at 19. Based upon the RFC and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a hospital food service worker, industrial cleaner, and folding machine operator. R. at 23. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-7. Plaintiff now appeals to this Court.

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) the ALJ failed to properly weigh the opinion of Plaintiff's treating physician, and (2) the ALJ failed to properly evaluate Plaintiff's credibility.

### A. Medical Opinion Evidence

Plaintiff claims the ALJ erred in affording "little weight" to the opinion of her treating psychiatrist, Dr. Zafar Mahmood. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data, or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Anderson*, 696 F.3d at 793.

In June 2015, Dr. Mahmood completed a medical source statement – mental ("MSS") in which he opined Plaintiff would need to miss four days of work per month, and would be off task twenty-five percent or more of the time. R at 290. Dr. Mahmood also opined Plaintiff was mildly limited in her ability to understand, remember, and carry out simple instructions; moderately limited in her ability to understand, remember, and carry out detailed instructions, and the ability to make simple work related decisions; and markedly limited in her ability to maintain concentration, perform activities within a scheduled period of time, and complete a normal workday and workweek. R. at 290-91. Dr. Mahmood did not opine Plaintiff was extremely limited in any of the areas of understanding and memory, sustained concentration and persistence, social interaction, or adaptation. R. at 290-91.

The record contains Dr. Mahmood's treatment notes. Plaintiff is repeatedly described as "alert and oriented" with no "overt delusions or hallucinations" or "suicidal or homicidal ideations." R. at 271-77, 300, 303-06, 308-09. Plaintiff is noted to be anxious during these visits, but compliant with her prescriptions and denies depression at times. R. at 271-77, 300, 303-06, 308-09.

3

The ALJ gave Dr. Mahmood's MSS little weight because his opinion was not well-supported or consistent with the record. R. at 22. The ALJ found Dr. Mahmood did not identify objective medical evidence supporting his opinion, and his opinion conflicted with his objective exam findings, conservative treatment he prescribed, and reports of improvement with medication. R. at 22.

The Court reviewed the record and finds substantial evidence supports the ALJ's decision to discount Dr. Mahmood's opinion. The Court also finds the ALJ provided good reasons explaining the weight he afforded Dr. Mahmood's opinion. Dr. Mahmood provided conservative treatment principally consisting of supportive psychotherapy and medication adjustments. Although Plaintiff required adjustments in her medication, the record reflects generally mild side effects, such as excessive sweating, that Plaintiff was able to manage. R. at 270, 310. As the ALJ noted, the record does not contain evidence of in-patient treatment or hospitalizations which would be consistent with a disabling mental state. R. at 21.

Dr. Mahmood opined Plaintiff would be off-task twenty-five percent of the time, but consistently noted her thoughts were organized and goal-directed during his visits. R. at 271-77, 300, 303-06, 308-09. To the extent Dr. Mahmood opined Plaintiff would have difficulty with instructions or interactions with co-workers and the public, Plaintiff's RFC includes limitations consistent with the record. Although Plaintiff cites a two year period of treatment with Dr. Mahmood as evidence of her disability, Dr. Mahmood's notes repeatedly indicate Plaintiff denies depression and/or that her depression is manageable. R. at 271, 276, 304, 307. The ALJ properly discounted Dr. Mahmood's opinion because the limitations he set forth were not consistent with his treatment records. *See Cline*, 771 F.3d at 1104; *see also Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009) (noting "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes."). The Court finds the ALJ properly weighed Dr. Mahmood's opinion.

4

## B. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." R. at 20. While Plaintiff has severe impairments and corresponding functional limitations, the ALJ found the record did not establish greater limitations than those detailed in the RFC. R. at 20. The ALJ identified Dr. Mahmood's notes to support this assertion. R. at 20-21. Dr.

Mahmood's treatment notes do not support allegations of disabling mental state, as Plaintiff is repeatedly described as "alert and oriented" with no "overt delusions or hallucinations" or "suicidal or homicidal ideations," and Plaintiff denies depression and/or that her depression is manageable. R. at 271-77, 300, 303-06, 308-09. Plaintiff also reports getting along with her family and boyfriend, and being able to get out of the house to do "necessary" chores. R. at 271, 273, 275-76, 304.

The ALJ also found Plaintiff's subjective complaints not entirely credible based on Plaintiff's reporting shortly after her first disability benefit application was denied. On May 29, 2014, Plaintiff denied feeling depressed, was getting along with her family and boyfriend, was compliant with her medication and tolerating it well, her sleep and appetite was adequate, and she was able to get out of the house for necessary chores. R. at 271. Twice in June 2014 and once in July 2014, Plaintiff called Dr. Mahmood's office to discuss excessive sweating side effects due to her medication, but was able to adjust her medication, tolerate her symptoms, and was "doing well" on her medication. R. at 270.

Plaintiff's self-reported symptoms and alleged limitations dramatically changed when her initial application for disability was denied on July 22, 2014. R. at 101-104. On July 24, 2014, Plaintiff complained to Dr. Mahmood that she had severe anxiety, had not left her home for the last year, did not have any friends, was cutting herself "off and on," and had visual hallucinations "when she is stressed out." R. at 309. Despite her complaints, Dr. Mahmood described Plaintiff as alert and oriented with organized and goal-directed thoughts. R. at 309. The record does not show treatment for cutting, and Dr. Mahmood describes them as "superficial cuts." R. at 309. The only other reference in the record to Plaintiff cutting herself is Dr. Mahmood's August 20, 2014 note which states Plaintiff has not been cutting herself because her boyfriend "has been watching her closely." R. at 308. Plaintiff's report that she had not left her house for a year directly conflicts with her May 2014 visit to Dr. Mahmood, and her July 1, 2014 function report. R. at 214-221, 270.

The ALJ also noted Plaintiff's activities of daily living were inconsistent with her reports of disability. R. at 21. Plaintiff's function report states she gives parental care to her two children, cooks for the family, takes care of pets, does not need reminders to

6

take her medications, and is able to do regular household chores. R. at 214-21. Plaintiff reported difficulty outside of the home, but can go shopping alone if necessary. R. at 217. A third-party function report completed by Plaintiff's boyfriend states Plaintiff stays at home taking care of the housework and kids. R. at 225-232.

The ALJ acknowledged and considered the *Polaski* factors. R. at 21-27. To the extent Plaintiff argues the evidence could support a decision contrary to the ALJ's, the Court will not substitute its judgment for that of the ALJ. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (stating "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."). The Court finds the ALJ did not err in analyzing Plaintiff's credibility.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 25, 2017                UNITED STATES DISTRICT COURT